*Rushford v. Kijakazi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of December, two thousand twenty-three.

PRESENT:

> GUIDO CALABRESI,
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

JAYME RUSHFORD,

> *Plaintiff-Appellant,*

v.                                                                                          No. 23-317

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

> *Defendant-Appellee.*

_____

**For Plaintiff-Appellant:**            MARK SCHNEIDER, Plattsburgh, NY.

**For Defendant-Appellee:**            ARIELLA ZOLTAN, Special Assistant
United States Attorney (Ellen E. Sovern,
Associate General Counsel, Social
Security Administration, *on the brief*), *for*
Carla B. Freedman, United States
Attorney for the Northern District of
New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Miroslav Lovric, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jayme Rushford appeals from the district court's March 7, 2023 judgment upholding the denial of his application for disability insurance benefits under the Social Security Act (the "Act"). The district court found that substantial evidence supported the decision of the administrative law judge (the "ALJ"), who concluded that Rushford was not disabled under sections 216(i) and 223(d) of the Act. Rushford timely appealed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *Kohler v. Astrue*, 546 F.3d 260, 264–65 (2d Cir. 2008) (internal quotation marks omitted). "On appeal, we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Id.* at 265 (internal quotation marks omitted). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted).

On appeal, Rushford principally raises five challenges to the ALJ's determination that his health conditions did not qualify as disabilities under the Act. We address each of these challenges in turn.

*First*, Rushford argues that the ALJ did not properly evaluate the various conflicting opinions regarding whether he was mentally disabled. He asserts that the ALJ should have adopted the favorable opinions offered by his primary care provider, Nurse Practitioner ("NP") Sarah Howell, and one of the agency's

examining consultants, Dr. Brett Hartman, which stated that Rushford had marked limitations in several areas of mental functioning. But we cannot say the ALJ erred in concluding that other medical opinions that undercut Rushford's claims of disability – like those by reviewing consultants Dr. C. Walker and Dr. S. Hennessey – were more persuasive than those offered by NP Howell and Dr. Hartman. "[A]n ALJ is free . . . to choose between properly submitted medical opinions," *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (alterations and internal quotation marks omitted), and even to "discount the opinion of a treating physician if it is inconsistent with other substantial evidence," *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). In fact, under the Social Security Administration's latest regulations, which apply here because Rushford filed his claim after March 27, 2017, the ALJ was not required to give special deference to the opinion of his treating physician. *See Tibbles v. Comm'r of Soc. Sec.*, No. 22-1127, 2023 WL 3477127, at *2 (2d Cir. May 16, 2023) (citing 20 C.F.R. § 404.1520c). Instead, the ALJ was only obliged to consider the submitted medical opinions based on several factors set forth in the regulations and to explain how the two "most important" factors – supportability and consistency – applied to each opinion. *See* 20 C.F.R.

4

§ 404.1520c(b)(2) ("[ALJs] may, but are not required to, explain how [they] considered the [other] factors.").

That is precisely what the ALJ did here when he credited the reports of Dr. Walker and Dr. Hennessey over those of NP Howell and Dr. Hartman. As required, the ALJ addressed each opinion in turn, explaining why – or why not – he found each opinion to be "supported" by the record and "consistent" with the other evidence.[1] Based on this analysis of the conflicting evidence, the ALJ found that the opinions of Dr. Walker and Dr. Hennessey were most persuasive, and concluded that Rushford was not disabled – a conclusion to which we must "defer." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

*Second*, Rushford disputes the ALJ's conclusion that he is not *per se* disabled by virtue of his mental health afflictions. *See* Rushford Br. at 36. To make that showing of *per se* mental disability, Rushford had to establish (among other things) that he had a "marked limitation" in two or more of the following life activities:

---

[1] *See* Sp. App'x at 15 (explaining that Dr. Walker's and Dr. Hennesey's opinions aligned with Rushford's records reflecting "that he reported ongoing mental symptomology including anxiety and irritability, but also showed unremarkable mental status examinations"); *id.* (noting that Dr. Hartman's opinion was only "partially persuasive" because it was not consistent with Rushford's "conservative outpatient mental health treatment" and the "benign" nature of his "longitudinal mental status examinations by his treating mental health counselor and primary care provider"); *id.* at 16 (same for NP Howell's findings).

5

(1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.04, 12.06–12.07, 12.15.[2] As before, Rushford invokes NP Howell's and Dr. Hartman's opinions – both of which found that Rushford had marked or moderate-to-marked limitations in several of those areas – as proof positive that he is disabled. But once again, the ALJ explicitly considered those favorable findings and adequately explained why he found Dr. Walker's and Dr. Hennessey's opinions – which did not reflect marked limitations – more persuasive. Because substantial evidence supports the ALJ's findings, we must "defer to [his] resolution of conflicting evidence" here. *Cage*, 692 F.3d at 122.

*Third*, Rushford argues that the ALJ erred because he did not incorporate Rushford's moderate health limitations into the residual functional capacity ("RFC") determination. We see no merit in this argument, as the ALJ explicitly found that Rushford had "moderate limitation[s]" in four mental areas, Sp. App'x at 10–11, and then proceeded to discuss whether the "intensity, persistence, and

---

[2] Rushford could alternatively have shown an "extreme limitation" in one of those areas, 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.04, 12.06–12.07, 12.15, but he does not make that argument on appeal.

limiting effects" of Rushford's symptoms would "limit [his] work-related activities," *id.* at 11–12. After a thorough, multi-page analysis, the ALJ concluded that, even with his moderate limitations, Rushford could still engage in "unskilled, simple, and routine tasks." *Id.* at 11. And it is well-established that such moderate limitations do not prevent individuals from performing "unskilled work." *Zabala v. Astrue*, 595 F.3d 402, 410–11 (2d Cir. 2010). The ALJ therefore did not err.

*Fourth*, Rushford argues that the ALJ erred by failing to incorporate Rushford's chronic pain and PTSD into the RFC determination. But Rushford presents no specific arguments as to how either condition "significantly limit[ed]" his ability to perform unskilled work. *See* 20 C.F.R. § 404.1522(a) (requiring a claimant to show that an impairment is "severe" enough that it limits his ability "to do basic work activities"). Though Rushford asserts that he was "diagnosed" with both conditions by NP Howell, Rushford Br. at 39, "[t]he mere diagnosis of [a condition] without a finding as to the severity of symptoms and limitations does not mandate a finding of disability," *Rivers v. Astrue*, 280 F. App'x 20, 22 (2d Cir. 2008). What's more, any error would be harmless, as the ALJ considered the full scope of Rushford's reported symptoms – which presumptively reflected any

7

chronic pain or PTSD – in finding that Rushford could perform light unskilled work. *See* Sp. App'x at 14 (discussing Rushford's "alleged significant and ongoing mental symptomology" and "allegations of pain"); *see also id.* at 12, 15–16 (discussing reported pain symptoms); *id.* at 15–17 (discussing mental health symptoms).

*Finally*, Rushford asserts that the ALJ erred by not crediting his subjective testimony about his impairments. This appears to be yet another challenge to how the ALJ resolved conflicts in the record. An ALJ "is not required to accept the claimant's subjective complaints without question" and may instead "exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). Just as the ALJ did with the competing medical opinions, he adequately explained why Rushford's reports of disabling medical symptoms were inconsistent with the other medical evidence in the record. *See* Sp. App'x at 14 (citing the "longitudinal mental status examinations," the "longitudinal unremarkable musculoskeletal examinations," the "conservative outpatient mental health treatment," and the "ability to perform a variety of activities of daily living").

We have considered Rushford's remaining arguments and find them without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court